Filed 11/17/23  P. v. Joshua CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>LAQUIST JOSHUA,<br><br>     Defendant and Appellant. | B323960<br><br>Los Angeles County<br>Super. Ct. No. TA147191-02<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION<br>FOR REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on November 15, 2023, be modified as follows:

1.     On page 1, the judgment should be corrected to read as, "Affirmed with instructions."

2.     The following section should be added before the "Disposition" on page 12:

> "**3.     *The abstract of judgment must be corrected***
>
> The parties agree the abstract of judgment erroneously states Joshua was convicted of "willful, deliberate, premeditated" attempted murder.  As we

noted, the prosecution agreed to strike that allegation as part of the plea agreement."

3.      The following sentence should be added at the end of the "Disposition" on page 12:

"The superior court is to prepare an amended and corrected abstract of judgment and to forward it to the Department of Corrections and Rehabilitation."

Appellant's petition for rehearing, filed on November 15, 2023, is denied.

There is no change in the judgment.

_____
EGERTON, J.              EDMON, P. J.              ADAMS, J.

2

Filed 11/15/23  P. v. Joshua CA2/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAQUIST JOSHUA,<br><br>    Defendant and Appellant. | B323960<br><br>Los Angeles County<br>Super. Ct. No. TA147191-02 |

APPEAL from an order of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

In March 2019, defendant and appellant Laquist Joshua entered into a plea agreement with the People. Joshua pleaded no contest to one count of attempted murder and admitted he had personally inflicted great bodily injury on the victim within the meaning of Penal Code section 12022.7.[1] Joshua also admitted an allegation under section 12022.53, subdivision (b) that a principal had personally used a firearm in the commission of the offense. In February 2022 Joshua filed a petition for resentencing under section 1172.6.[2] The trial court denied Joshua's petition. We affirm because, by admitting he personally inflicted great bodily injury on the victim, Joshua admitted he was the perpetrator of the attempted murder and not merely an accomplice. Accordingly, he is ineligible for resentencing as a matter of law.

## BACKGROUND

### 1. *The charges, plea agreement, and sentence*

In 2018 the People charged Joshua with several offenses. In a second amended felony complaint filed February 11, 2019, the People charged Joshua with the willful, deliberate, premeditated attempted murder of two victims, Belizhane Miranda (count 5) and Demore Newsome (count 6), with shooting at an occupied motor vehicle (count 7), and with being a felon in possession of a firearm (count 8), on February 3, 2017. As to counts 5 through 7, the People alleged Joshua personally used and personally and intentionally discharged a firearm, and a principal did the same. As to counts 5 and 7, the People alleged

---

[1]    References to statutes are to the Penal Code.

[2]    Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

Joshua personally and intentionally discharged a firearm causing great bodily injury to Miranda, and a principal did so as well.

As to counts 5 and 7, the People further alleged Joshua personally inflicted great bodily injury on Miranda. The People alleged the crimes were committed for the benefit of, at the direction of, and in association with a criminal street gang. Finally, the People alleged Joshua had a strike prior.[3]

On March 29, 2019, Joshua entered into a plea agreement with the prosecution. Facing a possible maximum of 29 years plus 55 years to life, Joshua agreed to plead to count 5 (victim Miranda) and to admit allegations that he personally inflicted great bodily injury on the victim and that a principal personally used a firearm in the commission of the offense, in exchange for a determinate sentence of 22 years. The prosecution agreed to strike the allegation that the attempted murder was willful, deliberate, and premeditated and to move to dismiss the remaining counts and allegations.

In response to the prosecutor's questions, Joshua confirmed he understood his rights and the consequences of his plea, and he was pleading freely and voluntarily. Joshua then pleaded no contest to attempted murder. He also admitted the allegation that, in the commission of the offense, a principal used a firearm. Joshua's counsel stipulated to a factual basis for the plea

---

[3] In the same second amended complaint, the People charged Joshua's co-defendant Elvone Robinson with two counts of willful, deliberate, premeditated attempted murder (of Miranda and Newsome), shooting at a motor vehicle, and misdemeanor vandalism. The People alleged firearm and gang enhancements as to Robinson as well. The People did not allege that Robinson personally used or discharged a firearm or that he personally inflicted great bodily injury on either victim.

"based upon the police reports, probation report and any other discovery."

Joshua asked to postpone his sentencing. The parties returned on April 18, 2019 for sentencing. The court noted Joshua had not yet admitted the great bodily injury allegation. After conferring with his counsel, Joshua confirmed counsel had answered his question and he was ready to proceed. The prosecutor, referring to Joshua's plea to count 5, asked him, "[D]o you additionally admit that in the course of that commission that you violated Penal Code section 12022.7(a), causing great bodily injury to B. Miranda? Do you admit or deny that additional allegation?" Joshua replied, "I admit." Again, Joshua's counsel joined.

In accordance with the parties' agreement, the court sentenced Joshua to 22 years in the state prison, calculated as the high term of nine years for the attempted murder plus three years for the personal infliction of great bodily injury and 10 years for the firearm enhancement. The court dismissed the remaining counts and allegations on the People's motion.[4]

## 2. *Joshua's petition for resentencing*

On February 17, 2022, Joshua, representing himself, filed a form petition for resentencing under section 1172.6. Joshua checked boxes on the form stating (1) the complaint filed in his case "allowed the prosecution to proceed under a theory of . . .

---

[4] Robinson also entered into a plea agreement with the People. Robinson pleaded no contest to count 1 (attempted murder of Miranda) and admitted allegations under section 12022.53, subdivisions (b) and (e)(1) that "a principal personally used a firearm," in exchange for a determinate sentence of 15 years (the low term of five years for the attempted murder plus ten years for the firearm enhancement).

4

attempted murder under the natural and probable consequences doctrine," (2) he was convicted of attempted murder "following a trial or [he] accepted a plea offer in lieu of a trial at which [he] could have been convicted of . . . attempted murder," and (3) he "could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019 [*sic*]." Joshua also checked a fourth box that stated, "Having presented a facially sufficient petition, I request that this Court appoint counsel to represent me."

The court appointed counsel for Joshua. The court ordered the People to file a response to the petition by April 18 and Joshua to file a reply by May 18. The court set a date for "further proceedings re: prima facie hearing on 6/1/22."

On April 11, 2022, the prosecution filed a response to Joshua's petition. In its statement of facts, the prosecution said Joshua and Robinson had driven to the intersection of Main and 109th Street in Los Angeles on February 3, 2017. Joshua drove and parked. Robinson got out and starting spray painting graffiti on a wall. Miranda and Newsome were in a car leaving the parking lot near where Joshua was parked. The victims saw Joshua looking at them. As Newsome drove away, Joshua got out of his car with a semi-automatic firearm and fired about four times at Newsome's car. One of the bullets hit Miranda in the head and Newsome crashed the car. Robinson got into the driver's seat, Joshua got into the back passenger seat, and Robinson drove them away. Miranda survived.

The prosecution asserted Joshua was not entitled to relief under section 1172.6 because he was "a direct perpetrator" of the crime and he "could not have been convicted of attempted murder

5

based upon the natural and probable consequences doctrine."[5] Joshua did not file a reply to the People's response.

On June 1, 2022, the court called the case for hearing. While the reporter's transcript is unclear, it appears both the prosecutor and defense counsel appeared "via speakerphone."[6] The court stated it had received and considered the People's response. The court continued, "Mr. DeBlanc, it appears that Mr. Laquist [*sic*] is not eligible for the relief requested, pursuant to Penal Code section 117[2.6]." Counsel replied, "Yes. I did receive a couple of documents yesterday, basically the charging document, the information, and the plea transcript; and based on all of that, I would submit to the court. So submitted." The prosecutor said he had nothing to add.

The court stated, "The court is finding that Mr. Laquist [*sic*] is ineligible for any requested relief, pursuant to Penal Code

---

[5]     The prosecution stated Joshua had "admitted to discharging a firearm at the victim," and his "admission to personally using a firearm during the offense" was "an admission to being a direct perpetrator and harboring express malice in this case." The prosecution was mistaken about the firearm enhancement. Joshua did not admit having personally used a firearm; he admitted that a principal had done so.

[6]     The reporter's transcript states, "Appearances: Defendant Joshua Laquist [*sic*], present with counsel Albert DeBlanc, Esq.; Alex Hogue, Deputy District Attorney, appearing via speakerphone." However, the minute order states, "Defendant is not present in court, but represented by A. DeBlanc Jr. bar panel attorney. . . . Deputy District Attorney, Alex Hogue, appears telephonically." The minute order for an earlier setting date, March 23, 2022, states, "Defendant is not present in court, but represented by A. DeBlanc Jr. bar panel attorney[.] Defendant appearing by counsel pursuant to Penal Code section 977 et seq., by A. DeBlanc Jr. bar panel attorney."

section 117[2.6].  The petition is denied."  The court then added, "[J]ust to make the record—a more thorough record, pursuant to the plea transcript, the defendant admitted the charge as well as the 12022.53 allegation and the 12022.7 allegation.  And the defendant's plea does provide proof that he is the direct perpetrator, and this is pursuant to his admission that he personally discharged the firearm."

## DISCUSSION

### 1.    *Section 1172.6*

Senate Bill No. 1437 (Senate Bill 1437) took effect on January 1, 2019.  (See Stats. 2018, ch. 1015, § 4.)  The bill amended existing law on accomplice liability for murder " 'to ensure that murder liability is not imposed on a person who is not the actual killer . . . .' "  (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, quoting Stats. 2018, ch. 1015, § 1, subd. (f); § 189, subd. (e)(1).)  To accomplish this goal, Senate Bill 1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure a person's sentence is commensurate with his individual criminal culpability.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*); *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).)

Senate Bill 1437 also authorized, through new section 1172.6, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Lewis, supra*, 11 Cal.5th at pp. 959–960; *Gentile, supra*, 10 Cal.5th at p. 843.)

If the petition contains all the required information, including a declaration by the petitioner that he was convicted

7

of murder and is eligible for relief (§ 1172.6, subd. (b)(1)(A)), section 1172.6, subdivision (c) requires the court to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply,[7] and to determine if the petitioner has made a prima facie showing that he is entitled to relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 959–960.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he falls within the provisions of section 1172.6 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' . . . 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675.)

Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective as of January 1, 2022, amended section 1172.6 in various respects. The bill clarified that "persons who were convicted of attempted murder . . . under . . . the natural [and]

---

[7]    Section 1172.6, subd. (b)(3) also requires the court to appoint counsel to represent the petitioner, if requested. Here, the trial court did appoint counsel for Joshua.

probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theor[y]." (Stats. 2021, ch. 551, § 1, subd. (a).)  Senate Bill 775 also clarified that the burden of proof at a section 1172.6 evidentiary hearing is beyond a reasonable doubt and a trial court's finding that there is substantial evidence to support a conviction is insufficient to meet this burden.  (§ 1172.6, subd. (d)(3).)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).)

**2.** ***The trial court was not required to issue an order to show cause or conduct an evidentiary hearing because—as the direct perpetrator of the attempted murder—Joshua is ineligible for resentencing as a matter of law***

As noted, Senate Bill 775 extended resentencing eligibility to individuals convicted of attempted murder under the natural and probable consequences doctrine.  (Stats. 2021, ch. 551, § 1, subd. (a).)  In his reply brief on appeal, Joshua asserts he was required to establish only "that he could have been prosecuted under a natural and probable consequences theory of liability." But neither in the trial court, nor here on appeal, has Joshua offered any factual premise or theory under which he "could have been prosecuted under a natural and probable consequences theory of liability."  Indeed, throughout these proceedings, Joshua has offered no facts about the crime, his role (if any), or Robinson's role.

Nor was there any discussion of this issue in the trial court. The court gave two reasons for finding Joshua ineligible for relief under section 1172.6:  he "admi[tted] that he personally discharged the firearm," and he admitted he personally inflicted great bodily injury on the victim.  The Attorney General agrees

9

with Joshua that the first of these two reasons was incorrect: Joshua admitted that a *principal* personally used a firearm, not that *he* personally used a firearm in the attempted murder of Miranda. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 592, 597 (*Offley*) [true finding that a principal to the crime—not the defendant himself—discharged a firearm does not disqualify defendant from relief under section 1172.6].)

But the second reason the court gave was valid: Joshua admitted he personally inflicted great bodily injury on Miranda. A true finding on an allegation under section 12022.7 that a defendant personally inflicted great bodily injury on the victim means that defendant is ineligible for relief under section 1172.6. (See *Harden, supra,* 81 Cal.App.5th at pp. 48, 54–55.) "The natural meaning of 'personally inflicted' is that the defendant [himself] inflicted the injury." (*Id.* at p. 55. See *People v. Cole* (1982) 31 Cal.3d 568, 578–579 [under section 12022.7, "personally inflict" means those who "directly perform" the act causing physical injury].)

Joshua cites *Offley, supra*, 48 Cal.App.5th 588 and argues its reasoning applies equally to his admission that he personally inflicted great bodily injury on the victim. Joshua is mistaken.

*Offley* involved an attack by five defendants on two victims. At least three of the defendants fired shots into the victims' car. One victim was killed and the other was seriously wounded.[8] (*Offley, supra*, 48 Cal.App.5th at p. 592.) The trial court instructed the jury on "the natural and probable consequences doctrine in cases of conspiracy." (*Id.* at p. 593.) Although the

---

[8]     As *Offley* was decided before Senate Bill 775 extended relief to defendants convicted of attempted murder, Offley petitioned for relief only on his murder conviction. (*Offley, supra*, 48 Cal.App.5th at p. 592.)

10

prosecution alleged Offley had personally and intentionally fired a handgun causing the victim's death, the prosecutor "agreed" during the trial "that a bullet from Offley's gun could not have killed" the victim. (*Id*. at pp. 592, 594.)

The trial court denied Offley's petition for resentencing without appointing counsel and the appellate court reversed. The court stated that—given the prosecutor's closing argument relying on a natural and probable consequences theory—it could not "exclude the possibility that the jury believed Offley acted without intending to kill [the victim] or consciously disregarding that risk," and thus without malice aforethought. (*Offley, supra*, 48 Cal.App.5th at pp. 594, 597, 599.)

Joshua's contention that the "malice aforethought" issue discussed in *Offley* applies to his section 12022.7 admission here misses the first, critical inquiry in any analysis of a section 1172.6 petition: was the petitioner merely an accomplice, or does the record of conviction demonstrate he was the direct perpetrator of the shooting? The whole point of section 1172.6 is to provide relief for individuals who were *accomplices* to murders and attempted murders. A defendant who was not an accomplice but instead was the direct and actual perpetrator of the attempted murder is not eligible for resentencing. (See, e.g., *Harden, supra,* 81 Cal.App.5th at pp. 53–54, 56; *People v. Myles* (2021) 69 Cal.App.5th 688, 692–694 [affirming denial of resentencing because defendant, as actual killer, was directly— not vicariously—liable]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 669, 671, 674 [affirming summary denial of resentencing petition where record of conviction showed petitioner was actual killer].) By admitting he personally inflicted great bodily injury

11

on Miranda, Joshua admitted he was the actual shooter.[9]  He therefore is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

Based on our independent review, we agree with the trial court that Laquist Joshua failed to make a prima facie showing for relief.  We therefore affirm the trial court's order denying his petition for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P.J.                           ADAMS, J.

---

[9]     While Joshua's check-the-boxes petition was facially sufficient, "it is devoid of factual allegations" concerning the shooting of Miranda.  (See *People v. Pickett* (2023) 93 Cal.App.5th 982, 989, review granted Oct. 11, 2023, S281643.)  Neither in the trial court—where his counsel submitted based on the record of conviction—nor here on appeal has Joshua denied he was the shooter.  Nor does he assert that another person fired the shot that struck Miranda in the head.  "He merely states the legal conclusion that he could not now be convicted of [attempted] murder because of changes made to the law of [attempted] murder under Senate Bill No. 1437."  (See *ibid*.)